FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

2007 MAY -3 PM 2: 32

MIDDLE DISTRICT OF FLORI..
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.

Case No. 3:91-cr-175-J-20HTS

ELLIS E. NEDER

_____/

**SUPERVISED RELEASE REVOCATION
and
JUDGMENT AND COMMITMENT**

On April 30, 2007, Frank M. Talbot, Assistant United States Attorney, and the Defendant, ELLIS E. NEDER, appeared in person and with his counsel, Mitchell A. Stone, for a hearing on the Amended Petition for Warrant or Summons for Offender Under Supervised Release (Doc. No. 1330, filed April 17, 2007).

The Defendant, having heretofore been convicted on September 8, 1992, in Case No. 91-175-Cr-J-16, of offenses charged, to wit: Conspiracy to defraud a financial institution, in violation of 18 U.S.C. § 371, as charged in Count One of the Indictment; Bank fraud, in violation of 18 U.S.C. § 1344, as charged in Counts Two through Twelve and Seventy-Seven of the Indictment; Mail fraud, in violation of 18 U.S.C. § 1341, as charged in Counts Twenty-One through Twenty-Three, Twenty-Six through Twenty-Eight, Thirty, Thirty-Four and Thirty-Five; Wire fraud, in violation of 18 U.S.C. § 1343, as charged in Counts Thirty-One through Thirty-Three and Seventy-Eight through Eighty-Four; False statements to financial institutions, in violation of 18 U.S.C. § 1014, as charged in Counts Thirty-Six through Seventy-Two; Filing false income tax returns, in violation of 18 U.S.C. § 7206(1), as charged in Counts Eighty-Six and Eighty-Seven; RICO, in violation of 18 U.S.C. §§ 1962©) and

1962(d), as charged in Counts Eighty-Nine and Ninety; and was sentenced to be imprisoned for a term of five (5) years on each of Counts One, Seventy-Seven, and Eighty through Eighty-Four, to run concurrently; three (3) years on each of Counts Eighty-Six and Eighty-Seven, each count to run concurrently and concurrently with the sentence imposed on Counts One, Seventy-Seven, and Eighty through Eighty-Four; seven (7) years and three (3) months on each of Counts Eighty-Nine and Ninety, each count to run concurrently and concurrently with the sentence imposed on Counts One, Seventy-Seven, Eighty through Eighty-Four, Eighty-Six and Eighty-Seven; five (5) years on each of Counts Two through Twelve, Twenty-One through Twenty-Three, Twenty-Six through Twenty-Eight, Thirty through Seventy-Two, Seventy-Eight and Seventy-Nine, each count to run concurrently and consecutive to the sentences imposed on Counts One, Seventy-Seven, Eighty through Eighty-Four, Eighty-Six and Eighty-Seven, for a total term of imprisonment of twelve (12) years and three (3) months; and Defendant was placed on supervised release for a term of five (5) years on each of Counts One, Seventy-Seven, Eighty through Eighty-Four, Eighty-Six, Eighty-Seven, Eighty-Nine and Ninety, to run concurrently;

And now the Probation Office of this Court reporting to the Court, and the Court finding that the Defendant violated the terms of said supervised release, all of which being considered,

**IT IS ORDERED:**

1. The Amended Petition for Warrant or Summons for Offender Under Supervised Release (Doc. No. 1330, filed April 17, 2007) is **GRANTED**, and the term of supervised release is revoked.

2. The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **nine (9) months on Counts One, Seventy-Seven, Eighty through**

**Eighty-Four, Eighty-Nine and Ninety, and nine (9) months on Counts Eighty-Six and Eighty-Seven, all such terms to run concurrently.** The Court recommends the **Community Corrections Center.**

3. Upon release from imprisonment, the Defendant shall be on supervised release for a term of **four (4) years and three (3) months**, under the standard conditions of supervision, and the following special conditions:

a. Defendant shall continue restitution payments in the amount of $1,000.00 as ordered in the original Judgment in a Criminal Case dated September 8, 1992.

b. Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obligating himself for any major purchases without the prior approval of the probation officer.

c. Defendant shall provide his probation officer access to any requested financial information, including but not limited to, full and complete tax returns, including any 1099 that he receives with respect to work that he has done.

d. Defendant shall refrain from engaging in any employment relating to real estate development, including work as a paralegal involving any real estate unless for personal single family purchase.

4. The Defendant shall report to the designated institution **no later than 2:00 p.m., Thursday, May 31, 2007.** Defendant's bond conditions are amended to include that he shall not engage in any employment relating to real estate development or acting as a paralegal involving real estate.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of May, 2007.

_____
HARVEY E. SCHLESINGER
United States District Judge

Copies to:
Frank M. Talbot, Esq.
Mitchell A. Stone, Esq.
United States Marshal (4)
U. S. Bureau of Prisons
U. S. Probation Office

Ellis E. Neder
1022 Landon Ave., Apt. 3
Jacksonville, FL 32207